## Commonwealth *v.* Tomlinson, Jr.

Argued February 25, 1972, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*John K. Kraybill,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Irving L. Bloom,* with him *Louis J. Kober* and *Dent & Bloom,* for appellee.

OPINION BY JUDGE KRAMER, April 17, 1972:

We have before us an Appeal from an Opinion and Decree of the Court of Common Pleas of Westmoreland County sustaining the Appeal of W. N. Tomlinson, Jr. (appellee) from an adjudication suspending his driver's license, and further directing the Secretary of Revenue of the Commonwealth to return motor vehicle operating privileges to the appellee.

The brief record made before the lower court indicates that appellee was apprehended on April 28, 1970, for a violation of Section 624.1 of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §624(1).* Neither

---

* "It shall be unlawful for any person to commit any of the following acts: (1) To display, or cause or permit to be displayed, or to have in possession, any operator's license or learner's permit, knowing the same to be fictitious or to have been cancelled, revoked, suspended or altered."

the circumstances giving rise to appellee's apprehension nor the nature of the alleged violation is explained anywhere. The Commonwealth (appellant) failed to put into evidence the certified record of appellee's conviction before a magistrate. Furthermore, the record is devoid of evidence indicating the date on which a suspension notice was mailed to or received by the appellee. There is no evidence as to the convening of a departmental hearing held before either the Secretary of Revenue or his representative.** The lower court in its Opinion of August 25, 1971, stated: "At the hearing held the Commonwealth failed to offer any testimony to establish the conviction of the petitioner, which was the basis for the suspension. . . ." Counsel for the Commonwealth conceded on the record that he had no such proof to offer.

The Commonwealth (appellant) filed an Appeal to this Court on December 29, 1971, in the form of a Petition to Remand this case to the court below for a determination on the issue of the timeliness of appellee's appeal to the aforementioned court from the suspension of his operating privileges. This issue had not been raised before the court below. It is now the Commonwealth's contention that more than thirty days had expired from the date of the suspension of appellee's operating privileges, before an appeal was filed in the Court of Common Pleas (see The Vehicle Code, supra, 75 P.S. 620); and therefore the lower court was without jurisdiction to hear the matter. In the event that the lower court was without jurisdiction owing to the untimely filing of appellee's appeal, the Commonwealth urges upon us the position that the suspension of appellee's operating privileges must stand. In an Order signed by President Judge BOWMAN of this Court on December 30, 1971, appellant's Petition to Remand was

---

** See The Vehicle Code, supra, 75 P.S. 618.

denied. However, Judge BOWMAN determined that the issue of the timeliness of the appeal to the lower court should be argued at the time the appeal is heard on the merits. This Order reads, in part: ". . . and for this purpose the petition for remand shall be treated as a petition to quash the appeal for want of timeliness of appeal to the lower court and to vacate the order of the lower court for this reason."

The motion to quash the appeal to the lower court must be denied, and the Opinion and Decree of the lower court must be affirmed. The sparse state of the record before the lower court renders us unable to determine the issue of timeliness. The Commonwealth, in its presentation before the lower court, failed to put into evidence any of the dates necessary for the consideration of the issue of timeliness of appeal. Furthermore, the Commonwealth did not even suggest in the record that such an issue existed. In the absence of such evidence or presentation we are powerless to act. This same sparse state of the record convinces us that the lower court was correct in ordering the return of appellee's operating privileges for the reason that the Commonwealth had failed to prove its case. In accordance with the above Opinion we therefore dismiss appellant's motion to quash the appeal in the lower court, and we affirm the Opinion and Decree of the lower court.